IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.**<br>1111 North Capitol Street, NE<br>Washington, DC  20002<br><br>and<br><br>**DAVID FOLKENFLIK**<br>c/o National Public Radio, Inc.<br>1111 North Capitol Street, NE<br>Washington, DC  20002<br><br>          Plaintiffs,<br><br>     v.<br><br>**UNITED STATES AGENCY<br>FOR GLOBAL MEDIA**<br>330 Independence Avenue, SW<br>Washington, DC 20237<br><br>and<br><br>**GENERAL SERVICES<br>ADMINISTRATION**<br>1800 F Street, NW<br>Washington, DC 20405<br><br>          Defendants. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiffs National Public Radio, Inc. ("NPR") and David Folkenflik ("Mr. Folkenflik") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby allege as follows:

1. Plaintiffs bring this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief

against the United States Agency for Global Media ("USAGM") and the General Services Administration ("GSA") (collectively, "Defendants").

2. By this action, Plaintiffs seek to compel Defendants to comply with their obligations under FOIA to release records related to former USAGM Chief Executive Amanda Bennett and the leasing of USAGM Headquarters and the Voice of America building. Plaintiffs are statutorily entitled to the disclosure of these records, and Defendants have improperly withheld them in violation of FOIA.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff NPR is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment programming to the American public. NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term. NPR reaches approximately 43 million people per week on broadcast radio, podcasts, NPR apps, NPR.org, and YouTube content. NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to 239 NPR members and numerous other NPR-affiliated entities. NPR is headquartered in Washington, D.C.

6. Plaintiff David Folkenflik is an award-winning journalist and NPR's media correspondent. He resides in New Jersey.

7. Defendant USAGM is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, or control of the records that the Plaintiffs seek. USAGM is headquartered in Washington, D.C.

8. Defendant GSA is an agency within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, or control of the records that the Plaintiffs seek. GSA is headquartered in Washington, D.C.

## Facts

9. This case concerns two requests submitted by Plaintiffs regarding leasing matters related to the headquarters building of USAGM and Voice of America building and the decision to vacate or lease a new building. *See generally* David Folkenflik, *'Bloody Saturday' at Voice of America and other U.S.-funded networks*, NPR, March 15, 2025, https://www.npr.org/2025/03/15/nx-s1-5329244/bloody-saturday-voiceofamerica-radio-free-asia-europe-trump-kari-lake (last viewed Nov. 12, 2025).

### The USAGM Request

10. On March 31, 2025, Plaintiffs submitted a FOIA request to USAGM (the "USAGM Request") via email to foia@usagm.gov. A true and correct copy of the USAGM Request is attached hereto as Exhibit A and is incorporated by reference.

11. The USAGM Request sought:

3

> • Copies of any reports, memoranda, or documents from former USAGM Chief Executive Amanda Bennett about leasing matters regarding USAGM headquarters/Voice of America building.
>
> • Copies of any documents from former USAGM Chief Executive Amanda Bennett referencing a decision to vacate the former USAGM headquarters or to lease a new headquarters.
>
> • Copies of any documents referencing savings that would accrue from USAGM if the agency moved headquarters.
>
> • Any correspondence to or from USAGM senior advisor Kari Lake about the above requested reports, memoranda, or documents.
>
> • All attachments to, and all records, reports or other documents referred to in, or incorporated by reference into, the above requested reports, memoranda, or documents.

Ex. A.

12. The USAGM Request noted that the date range for the requested records is September 1, 2024 through March 31, 2025. Ex. A.

13. The USAGM Request sought fee categorization as a representative of the news media and a fee waiver, stating that the information is the "basis for a planned news story" made by a "representative of the news media" who is a "journalist employed by NPR." Ex. A.

14. The USAGM Request sought expedited processing on the grounds that NPR is an organization "primarily engaged in disseminating information," and there is "an urgent need" for the public to know about "the imminent termination or

4

reduction of a significant part of the funding, functions, components and operations of USAGM and the broadcast services it oversees." Ex. A.

15. USAGM acknowledged receiving NPR's USAGM Request via email on April 3, 2025. A true and correct copy of the acknowledgement is attached as Exhibit B. In the acknowledgement, USAGM assigned the USAGM Request tracking number "FOIA25-194". Ex. B.

16. USAGM denied expedited processing for the USAGM Request via email on April 10, 2025. A true and correct copy of the denial is attached as Exhibit C.

17. As of the date of the filing of this Complaint, it has been approximately 227 calendar days and 156 business days since the USAGM Request was submitted.

18. As of the date of the filing of this Complaint, Plaintiffs have received no further communications from Defendants regarding the USAGM Request.

<u>The GSA Request</u>

19. On March 31, Plaintiffs submitted a FOIA request to GSA via its online portal (the "PAL Portal"). A true and correct copy of the GSA Request is attached hereto as Exhibit D and is incorporated by reference.

20. The GSA Request sought:

> • Copies of any reports, memoranda, or documents from former U.S. Agency for Global Media Voice of America (USAGM) Chief Executive Amanda Bennett about leasing matters regarding USAGM headquarters, Voice of America headquarters.
>
> • Copies of any documents from former USAGM Chief Executive Amanda Bennett referencing a decision to vacate the former USAGM headquarters or to lease a new headquarters.

> • Copies of any documents referencing savings that would accrue from USAGM if the agency moved headquarters.
>
> • Any correspondence to or from USAGM Senior Advisor Kari Lake about the above requested reports, memoranda, or documents.
>
> • All attachments to, and all records, reports or other documents referred to in, or incorporated by reference into, the above requested reports, memoranda, or documents.

Ex. D.

21. The GSA Request noted that the date range for the requested records is September 1, 2024 through March 31, 2025. Ex. D.

22. The GSA Request sought fee categorization as a representative of the news media and a fee waiver, stating that the information is the "basis for a planned news story" made by a "representative of the news media" who is a "journalist employed by NPR." Ex. D.

23. The GSA Request sought expedited processing on the grounds that NPR is an organization "primarily engaged in disseminating information", and there is "an urgent need" for the public to know about "the imminent termination or reduction of a significant part of the funding, functions, components and operations of USAGM and the broadcast services it oversees." Ex. D.

24. GSA did not assign the GSA Request a case number on the PAL Portal. As of the filing of this complaint, the status of the GSA Request on the PAL Portal is marked as "To be Processed." A true and correct screenshot of the PAL Portal entry for the GSA Request as of September 26, 2025 is attached as Exhibit E.

25. As of the date of the filing of this Complaint, it has been approximately 227 calendar days and 156 business days since the GSA Request was submitted.

26. As of the date of the filing of this Complaint, Plaintiffs have received no further communications from Defendants regarding the GSA Request.

## PLAINTIFFS' CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA for Failure to Comply with Statutory Deadlines

27. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

28. Defendants are agencies subject to FOIA.

29. By the USAGM Request and the GSA Request (collectively, the "NPR Requests"), Plaintiffs properly requested records within the possession, custody or control of Defendants.

30. Defendants failed to make determinations with respect to the NPR Requests within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

31. Defendants' failure to provide determinations with respect to the NPR Requests within the statutory required timeframe are violations of FOIA.

32. Plaintiffs have or are deemed to have exhausted applicable administrative remedies with respect to the NPR Requests. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

## COUNT II
## Violation of FOIA for Wrongful Withholding of Agency Records

33. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of the Complaint.

34. Defendants are agencies subject to FOIA.

35. By the NPR Requests, Plaintiffs properly requested records within the possession, custody or control of the Defendants.

36. The NPR Requests complied with all applicable regulations regarding the submission of FOIA requests.

37. Defendants have not released any records or portions thereof in response to the NPR Requests.

38. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the NPR Requests.

39. Defendants have not identified whether or how release of the records sought by the NPR Requests would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

40. Defendants have improperly withheld records responsive to the NPR Requests in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

### Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Issue a declaration that Defendants' failure to provide a determination with respect to the NPR Requests within the required statutory deadline is a violation of FOIA;

(2) Order Defendants to complete their search for records responsive to the NPR Requests, and to issue determinations with respect to the NPR Requests;

(3) Order Defendants to release all non-exempt records or portions thereof responsive to the NPR Requests;

(4) Issue a declaration that NPR is entitled to disclosure of the records responsive to the NPR Requests;

(5) Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the NPR Requests;

(6) Award Plaintiffs reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other relief as the Court may deem just and proper.

Dated: November 13, 2025

Respectfully submitted,

*/s/ Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiffs*